IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARIO PECINA, ANGEL BAZALDUA**                          **PLAINTIFFS**
**and JASON WARD**

vs.                        No. 5:16-cv-1161-FB

**XTREME DRILLING & COIL SERVICES, INC.**                 **DEFENDANT**

## FIRST AMENDED AND SUBSTITUTED COMPLAINT

COME NOW Plaintiffs Mario Pecina, Angel Bazaldua and Jason Ward (collectively, in places, "Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint ("Complaint") against Defendant Xtreme Drilling & Coil Services, Inc. (hereinafter "Xtreme" or "Defendant"), and in support thereof they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including a reasonable attorney's fee as a result of Defendant's policy and practice of failing to pay Plaintiffs overtime compensation for the hours in excess of forty hours in a single week that they were made to work.

2. Upon information and belief, for at least three (3) years prior to the filing of

this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

3. The purpose of this amendment is to add two Plaintiffs.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. The acts complained of herein were committed and had their principal effect against some or all Plaintiffs within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff Mario Pecina ("Pecina") is an individual and resident of Bexar County, Texas.

7. Pecina was employed as an Equipment Operator.

8. Plaintiff Angel Bazaldua ("Bazaldua") is an individual and resident of Bexar County, Texas.

9. Bazaldua was employed as an Equipment Operator.

10. Plaintiff Jason Ward ("Ward") is an individual and resident of Comal County, Texas.

11. Ward was employed as a Service Supervisor.

12. Xtreme is a Texas company with its headquarters in Houston. It is "an onshore drilling and coiled tubing services contractor that works with exploration and

production companies in the U.S., Canada and international markets." Xtreme may be served through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

13. Defendant's principal address is 9805 Katy Freeway, Suite 650, Houston, Texas 77024.

## IV. FACTUAL ALLEGATIONS

14. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

15. Defendant's annual gross revenues exceeded $500,000.00 for each of the four years preceding the filing of the Complaint.

16. Defendant employed at least two or more individuals who routinely used hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools that were produced for or traveled in interstate commerce to perform their job duties.

17. Defendant employed Equipment Operators and Hands to carry out its oil drilling, coil tubing, and/or fracking services.

18. Defendant paid Equipment Operators and Hands a salary plus bonuses until approximately August of 2015.

19. When Defendant paid Equipment Operators and Hands a salary plus bonuses, Defendant did not pay them any overtime premium for hours worked over forty per week.

20. Around August of 2015, Defendant began paying Equipment Operators and Hands an hourly wage plus bonuses.

21. When Defendant paid Equipment Operators and Hands an hourly wage plus bonuses, Defendant did not include bonuses in the calculation of their regular rate for overtime purposes.

22. Pecina performed the duties of an Equipment Operator for Defendant from approximately August of 2015 through June of 2016.

23. Pecina regularly worked more than forty hours per week.

24. Bazaldua performed the duties of an Equipment Operator for Defendant from approximately September of 2014 through May of 2016.

25. Bazaldua regularly worked more than forty hours per week.

26. Plaintiffs' duties primarily involved manual labor, operating equipment used for fracking oil wells.

27. Plaintiffs did not supervise employees.

28. Plaintiffs were not required to have a college degree or even high school diplomas to perform their job duties for Defendant.

29. Defendant knew, or showed reckless disregard for whether its pay practices with respect to Plaintiffs violated the FLSA.

30. Xtreme employed Ward as a Service Supervisor.

31. Ward performed a variety of tasks related to the operating the equipment in the oilfield. He performed preventative maintenance on coil tubing equipment, assembled and prepared equipment for installation and service, and performed pre- and post-job coiled tubing equipment inspections.

32. Xtreme's Service Supervisors are not required to have a college degree or even a high school diploma.

33. Xtreme's Service Supervisors are required to be physically fit and strong enough to perform the manual labor required by their primary job duties.

34. Ward regularly worked more than 40 hours in a week. In fact, he often worked 80 hours (or more) a week in for Defendant.

35. Xtreme did not pay Ward overtime.

36. Ward is entitled to 1.5 times their regular rate of pay for hours worked in excess of 40 in a week.

37. Xtreme knew of the FLSA's requirements based on, among other things, an earlier Department of Labor investigation (resulting in a finding of more than 300 overtime violations).

38. Xtreme knew, or showed reckless disregard for whether, the way it paid Ward violated the FLSA.

## V. CLAIMS FOR RELIEF

39. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint above, as if fully set forth herein.

40. Defendant intentionally failed to pay Plaintiffs the lawful amount of overtime compensation

41. Defendant deprived Plaintiffs of lawful overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

42. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

43. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable

attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

44. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Mario Pecina, Angel Bazaldua and Jason Ward prays for declaratory relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFFS MARIO PECINA,
ANGEL BAZALDUA and
JASON WARD**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com